CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 06 2021

JULIA C. DUDLEY, CLERK
BY: __A Breson__
DEPUTY CLERK

| For Clerk's Office Use | |
|---|---|
| Judge | Rec'd |
| TC | |

IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTICT
OF VIRGINIA

For use by inmates filing a complaint under **CIVIL RIGHTS ACT, 42 U.S.C. §1983**

Dominique Herman Adams      1025606
Plaintiff full name      Inmate No.

v.      CIVIL ACTION NO. 7:21CV392 TC

See Attachment 1, on Page 1 OF 9 at the Letter A, and
Defendant(s) full name(s)

See continuation

*************************************************************************************************

A. Current facility and address: Wallens Ridge State Prison, P.O. Box 759, Big Stone Gap, VA 24219

B. Where did this action take place? Wallens Ridge State Prison

C. Have you begun an action in state or federal court dealing with the same facts involved in this complaint?

  ✓ Yes      _____ No

If your answer to A is Yes, answer the following:

  1. Court: United States District Court in Roanoke Virginia

  2. Case Number: 7:19CV00066

D. Have you filed any grievances regarding the facts of this complaint?

  _____ Yes      ✓ No

  1. If your answer is Yes, indicate the result:

_____

See Attachment 1, on Pages 7 OF 9 through 9 OF 9, at No(s) 1 through 3, and
  2. If your answer is No, indicate why: See Continuation

E.  Statement of Claim(s): State briefly the facts in this complaint. Describe what action(s) each defendant took in violation of your federal rights and include the relevant dates and places. **Do not give any legal arguments or cite any cases or statutes.** If necessary, you may attach additional page(s). Please write legibly.

Claim #1 – Supporting Facts – Briefly tell your story without citing cases or law:

See Attachment 1, on Pages 1 OF 9 through 2 OF 9, at No(s). 1 through 2, for claims for relief, and Pages 2 OF 9 through 6 OF 9, at No(s) 1 through 13, regarding supporting facts

Claim #2 – Supporting Facts – Briefly tell your story without citing cases or law:

same as above, and See Continuation

F.  State what relief you seek from the Court. Make no legal arguments and cite no cases or statutes.

See Attachment 1, on Pages 6 OF 9 through 7 OF 9, at No(s). 1 through 6, and See Continuation

G.  If this case goes to trial do you request a trial by jury?    Yes _____    No ✓

H.  If I am released or transferred, I understand it is my responsibility to immediately notify the court <u>in writing</u> of any change of address after I have been released or transferred or my case may be dismissed.

DATED: June 29, 2021    SIGNATURE: _____

VERIFICATION:
I, Dominique Herman Adams , state that I am the plaintiff in this action and I know the content of the above complaint; that it is true of my own knowledge, except as to those matters that are stated to be based on information and belief, and as to those matters, I believe them to be true. I further state that I believe the factual assertions are sufficient to support a claim of violation of constitutional rights. Further, I verify that I am aware of the provisions set forth in 28 U.S.C. §1915 that prohibit an inmate from filing a civil action or appeal, if the prisoner has, on three or more occasions, while incarcerated brought an action or appeal in federal court that is dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is imminent danger of serious physical injury. I understand that if this complaint is dismissed on any of the above grounds, I may be prohibited from filing any future actions without the pre-payment of the filing fees. I declare under penalty of perjury the foregoing to be true and correct.

DATED: June 29, 2021    SIGNATURE: _____

Attachment 1

A. DEFENDANT: Paul Moore (Moore) is a former Wallens Ridge State Prison (WRSP) Dentist and the aforementioned Defendant is being sued in his individual capacity.

CLAIMS FOR RELIEF:

1. Adams was subjected to the denial of petitioning the government for redress of grievances, in violation of the First Amendment of the United States Constitution, that lasted up until forty three days, when Moore retaliated against Adams by him performing a previous unscheduled non painful dental routine assessment that resulted in a medical co-pay charge, as an alternative for him not to treat Adams current emergency grievance request with regards to a painful tooth cavity, that later resulted in no medical co-pay charge after treatment.

PAGE 1 OF 9

2. Adams was subjected to deliberate indifferent treatment, in violation of the Eighth Amendment, of the United States Constitution, that lasted up until forty three days, by Moore performing a previous unscheduled non painful dental routine assessment that resulted in a medical co-pay charge, as an alternative for him not to treat Adams current emergency grievance request with regards to a painful tooth cavity, that later resulted in no medical co-pay charge after treatment, and that Moore's actions also constituted medical malpractice, negligence, and per se, negligence in violations of State tort laws.

SUPPORTING FACTS:

1. On July 1, 2016, the Virginia Department of Corrections (VDOC) Operating Procedure 866.1, Subject "OFFENDER

PAGE 2 OF 9

GRIEVANCE PROCEDURE" VII. EMERGENCY GRIEVANCES in part states:

"E. Response

5. If an offender receives a dental assessment based on an Emergency Grievance and the Health care staff determines that the condition is clearly not an emergency, the offender will be subject to medical co-pay charge in accordance with Operating Procedure 720.4, Co-payment for Health Care Services. SEE EXHIBIT A.

2. On January 30, 2018, Moore notes in his dental chart indicated that his appointment type with Adams pertained to an emergency grievance. SEE EXHIBIT B.

3. On January 30, 2018, Moore notes in his dental chart indicated that Adams chief complaint was of being in pain on his upper left and right side from toothache. SEE EXHIBIT B.

PAGE 3 OF 9

4. On January 30, 2018, Moore's Dental Assistant K. Givens (Givens) took x-rays of Adams teeth on his **left** and right side. SEE EXHIBIT B.

5. On January 30, 2018, Moore notes in his dental chart indicated that he diagnosed Adams toothache pain condition as mult large deep decays. SEE EXHIBIT B.

6. On January 30, 2018, Moore notes in his dental chart indicated that Adams on his left and right side experienced discomfort during the visit. SEE EXHIBIT B.

7. On January 30, 2018, Moore notes in his dental chart indicated that he performed a operative measure in order to fill cavities from two teeth on Adams top row on his right side. SEE EXHIBIT B.

8. On January 30, 2018, Moore notes in his dental chart indicated

PAGE 4 OF 9

that Adams payed the amount of $5.00 for the dental services with him and Givens regarding his toothache pain. SEE EXHIBIT B.

9. On March 13, 2018, Moore notes in his dental chart indicated that his appointment type with Adams pertained to an emergency grievance. SEE EXHIBIT C.

10. On March 13, 2018, Moore notes in his dental chart indicated that Adams chief complaint was of being in pain on his upper left side from toothache. SEE EXHIBIT C.

11. On March 13, 2018, Moore notes in his dental chart indicates that he diagnosed Adams toothache condition as upon information of belief severe decay. SEE EXHIBIT C.

12. On March 13, 2018, Moore notes

PAGE 5 OF 9

in his dental chart indicated that he performed a operative measure in order to fill cavities from two teeth on Adams top row on his left side. SEE EXHIBIT C.

13. As a result, Adams suffered from extreme pain from unfilled tooth cavities on his top row on his left side along with difficulty sleeping and eating for six weeks and one day.

RELIEF SOUGHT:

1. Declare that Moore violated Adams First and Eighth Amendments rights of the United States Constitution.

2. Award Adams punitive damages against Moore for the violations of his First and Eighth Amendments rights.

3. Award Adams compensatory damages

PAGE 6 OF 9

against Moore for the violations of his First and Eighth Amendments rights.

4. Award Adams cost of this civil litigation.

5. Award Adams punitive damages against Moore for the violations of State tort laws.

6. Award Adams compensatory damages against Moore for the violations of State tort laws.

ADMINISTRATIVE REMEDIES WERE UNAVAILABLE

1. On July 1, 2016, the VDOC Operating Procedure 866.1., Subject "OFFENDER GRIEVANCE PROCEDURE" IV. OFFENDER GRIEVANCE PROCEDURE in part states:

"O. Exhaustion of Remedies

2. An offender meets the exhaustion of remedies requirement only when a

PAGE 7 OF 9

Regular Grievance has been carried through the highest eligible level of appeal without satisfactory resolution of the issue.

a. ... the offender must submit the issue on a Regular Grievance if not satisfied with the Emergency Grievance response. SEE EXHIBIT A.

2. On March 13, 2018, Adams submitted an emergency grievance to Moore in order to get dental treatment for a painful tooth cavity, and Moore on the same day treated Adams SEE EXHIBIT C. cf. Brady v. Attygala, 196 F. Supp. 2d 1016, 1020 (C.D. Cal. 2002) (holding plaintiff had exhausted where he grieved to see an ophthalmologist and was taken to see an ophthalmologist before the grievance process was completed).

3. On July 30, 2018, Adams was called

PAGE 8 OF 9

over to the prison's dental office for a broken filling issue where he was introduced to the prison's new dentist G. Bailey (Bailey) SEE EXHIBIT D, and Bailey and Givens informed Adams that he is Moore's replacement after Adams asked about Moore's whereabouts. cf. Gomez v. Winslow, 177 F. Supp. 2d 977, 985 (N.D. Cal. 2001) (allowing damage claim to go forward where prisoner had stopped pursuing grievance process when he received all the relief it could give him).

CONTINUATION FOR § 1983 COMPLAINT

1. CONTINUATION FOR Defendant(s) full name(s)

See Attachment 2, on Page 1 OF 5 at the letter A, and See Attachment 3, on Page 1 OF 6 at the letter A.

2. CONTINUATION FOR (D) (2) If your answer is No, indicate why:

See Attachment 2, on Pages 4 OF 5 and 5 OF 5 at No. 1, and See Attachment 3, on Page 6 OF 6 at No(s). 1 through 3.

3. CONTINUATION FOR (E) Statement of claim(s):

See Attachment 2, on Pages 1 OF 5 through 2 OF 5, at No(s) 1 through 2, for claims for relief, and Pages 2 OF 5 through 3 OF 5 at No(s) 1 through 10, regarding supporting facts, and See Attachment 3, on Pages 1 OF 6 through 2 OF 6, at No(s). 1 through 2, for claims for relief, and Pages 2 OF 6 through 5 OF 6 at No(s) 1 through 7, regarding supporting facts.

PAGE 1 OF 2

4. CONTINUATION FOR (F) State what relief you seek from the Court.

See Attachment 2, on Page 4 OF 5, at No(s) 1 through 7, and See Attachment 3, on Pages 5 OF 6 through 6 OF 6, at No(s) 1 through 5.

PAGE 2 OF 2

<u>Attachment 2</u>

**A.** <u>DEFENDANTS</u>: Susan Stallard (Stallard) is a Wallens Ridge State Prison (WRSP) Food Service Director; M. Broyles is a former WRSP Food Service FOMB; and A-Break and B-Break WRSP Corrections officers (A-Break and B-Break Corrections officers), and all of Defendants are being sued in their individual capacities.

<u>CLAIMS FOR RELIEF</u>:

1. Stallard and Broyles together conspired to subject Adams to deliberate indifferent treatment in violation of the Eighth Amendment of the United States Constitution, when they solely did not provide the WRSP Inmates food service staffing that they supervised whom prepared the prison's daily meals with enough of food to nutritionally adequately feed the prison compound from their inventory, during the months of April 8, 2016 through December 8, 2016, at which time Adams was deprived of thirteen pounds of weight loss, due to him receiving restricted inadequate daily meals, and that Stallard and Broyles actions constituted a violation of the "Discipline and Punishment" rule for the treatment of prisoners, as agreed upon by member nations of the Geneva Convention in 1955, and approved by the Economic and Social Council by resolution 633 C (XXIV) of July 31, 1957 and 2076 (LXII of May 13, 1977).

2. A-Break and B-Break Corrections officers together with the prison's food service staffing, Stallard and Broyles, to subject Adams to deliberate indifferent treatment, in violation of the Eighth Amendment of the United States Constitution, when they falsified Adams weight as being more in his weigh in charts and/or when they failed to contact Stallard and Broyles then informed them that there's barely any food on all of the daily meals during

the months of April 8, 2016 through December 8, 2016, at which time Adams was deprived of thirteen pounds of weight loss, due to him receiving inadequate daily meals from the prison's food service.

<u>SUPPORTING FACTS:</u>

1. On April 8, 2016, while in disciplinary segregation Adams WRSP medical record in part states that he weighs 145 pounds. <u>SEE EXHIBIT E</u>

2. On December 8, 2016, while still in disciplinary segregation Adams medical record in part stated that he weighed 132 pounds. <u>SEE EXHIBIT F</u>

3. On December 8, 2016, Adams medical record in part stated that the WRSP Physician B. Mullins (Mullins) placed him on the dietary supplement known as "BOOST" for 30 days <u>SEE EXHIBIT F</u>, due to his thirteen pounds of weight loss <u>SEE EXHIBITS E & F</u>.

4. On April 8, 2016 through December 8, 2016, A-Break and B-Break WRSP Corrections Officer that were stationed at D-Building, 6 Pod, where in particular, Adams is located at cell 602, had refused to pull not only Adams out, but also other inmates out of their cells on every Thursday, which is a weigh in day in segregation, and they therefore, falsified weigh ins security sheets.

5. On April 8, 2016 through December 8, 2016, Stallard and Broyles did not provide the inmate food service staffing that they supervised with enough of food from their inventory to nutritionally adequately feed daily meals for D-6 pod.

6. On April 8, 2016 through December 8, 2016, Adams did not refuse to take nor eat any of this daily meals from WRSP Corrections officers

PAGE 2 OF 5

on A-Break or B-Break shifts, while he was housed in D-6 segregation pod.

7. On December 17, 2016, Mullins sought blood labs from LabCorp, and the report in part stated that Adams is not "fasting" nor suffering from an "overactive thyroid disorder" SEE EXHIBIT G, due to his thirteen pound weight loss SEE EXHIBITS E & F, because of his T4 Free (Direct). being at 1.66, which is in normal range when it is between or at 0.82-1.77, and his Triiodothyronine (T3), being at 148, which is in normal range when it is between or at 71-180 SEE EXHIBIT G.

8. On February 6, 2017, Adams medical record in part states that Mullins re-filled the dietary supplement known as "BOOST" for 30 more days SEE EXHIBIT H, due to Adams thirteen pound weight loss SEE EXHIBITS E & F.

9. On April 28, 2017, Mullins sought more blood labs from LabCorp, and the report in part stated that Adams is not "fasting" nor suffering from "diabetes" SEE EXHIBIT I due to his thirteen pound weight loss SEE EXHIBITS E & F, because of his CBC with Differential/Platelet, Comp. Metabolic Panel (14), and Urinalysis, Routine, all being normal, except for that Adams Creatine Serum pertaining to his Comp. Metabolic Panel (14), is one point below at 0.75, which is low when it is not between or at 0.76-1.27. SEE EXHIBIT I.

10. As a result the restricted nutritionally inadequate daily meals during the months of April 8, 2016 through December 8, 2016, did not contain sufficient calories, vitimins, or nutrients in order for Adams to maintain his physical health, that therefore, deprive him thirteen pounds of weight loss SEE EXHIBITS E & F, where he suffered from abdominal pain

PAGE 3 OF 5

11. That the Defendants conspired together to subject Adams to attempted first degree murder, by means of starvation, in violation of VA CODES § § § 18.2-22, 18.2-26, 18.2-32, based on the aforementioned facts.

RELIEF SOUGHT:

1. Declare that the Defendants violated Adams Eighth Amendment rights of the United States Constitution to be free from deliberate indifferent treatment.

2. Declare that the Defendants violated the Treatment of Prisoners as approved by the Geneva Convention.

3. Award Adams punitive damages against all Defendants for their violation of Adams Eighth Amendment rights of the United States Constitution to be free from deliberate indifferent treatment.

4. Award Adams compensatory damages against all Defendants for their violation of Adams Eighth Amendment rights of the United States Constitution to be free from deliberate indifferent treatment.

5. Award Adams punitive damages against all Defendants for their violation of the Treatment of Prisoners as approved by the Geneva Convention.

6. Award Adams compensatory damages against all Defendants for their violation of the Treatment of Prisoners as approved by the Geneva Convention.

7. Award Adams cost of this civil litigation

ADMINISTRATIVE REMEDIES WERE UNAVAILABLE

1. On January 17, 2017, WRSP M. Stanford (Stanford) RNCB in part informed the WRSP Chief Warden Leslie J. Fleming during a Level 1 Grievance

PAGE 4 OF 5

process that Adams arrived at WRSP on August 15, 2013, and that he weighed 145.8 pounds and on November 7, 2016, he weighed 135 pounds which resulted in a ten pound weight loss in approximately three years SEE EXHIBIT J, therefore, Stanford above false statement ruined any and all grievances regarding Adams thirteen pound weight loss through the months of April 8, 2016 through December 8, 2016, as mentioned in this lawsuit SEE EXHIBITS E & F, after he was cleared by the WRSP Physician as being symptomatic free from any and all sicknesses that causes weight loss on December 17, 2016 and April 28, 2017, SEE EXHIBITS G & I, because it attacked exactly ten pounds of the thirteen pounds Adams lossed in this lawsuit and any further grievance regarding this matter with WRSP Officials would have been considered repetitive in accordance to operating Procedure 866.1, VI. (A) (2) (c). SEE EXHIBIT A.

## ATTACHMENT 3

A. <u>DEFENDANTS</u>: Heather A. Osborne (Osborne) is a Wallens Ridge State Prison (WRSP) Counselor; and M.D. Powers (Powers) T. Leedy (Leedy) and J.C. Hensley (Hensley) including a B-Break security check point official), are all WRSP Corrections Officers are the aforementioned are being sued in their individual capacities.

<u>CLAIMS FOR RELIEF</u>:

1. Adams was subjected to the denial of petitioning the government for redress of grievances, in violation of the First Amendment of the United States Constitution, that lasted up until twenty-seven days, when Osborne retaliated against Adams by refusing to return to him his legal materials regarding his efforts to have his state good time credits restored by the federal court's after he gave her the same for copying services, that lead to him submitting a complaint against her, that resulted in Osborne conspiring with Powers, Leedy, and Hensley to conduct a random cell search to plant a Knife in his cell.

2. Adams was subjected to cruel and unusual punishment

PAGE 1 OF 6

in violation of the Eighth Amendment of the United States Constitution, when a B-Break security check point official allowed Powers to enter the WRSP compound with a Knife after s/he pat frisk search of Powers, so that Powers could brandnish and wave at Adams direction the Knife as if he was stabbing Adams during a cell search, in his efforts to intimidate Adams from future complaints against Osborne for Osborne's previously refusal to return to him legal materials regarding his efforts to have his state good time credits restored by the federal court's after he gave her the same for copying services,

SUPPORTING FACTS:

1. On February 1, 2013, the WRSP policy in accordance with the Virginia Department of Corrections **Operating Procedure** 866.3, subject to "Offender Legal Access" Request for Copies" form in part states that "Counselor only" are the persons to handle prisoners records etc. for copying services. SEE EXHIBIT K

2. On April 5, 2018, Adams submitted a complaint against Osborne regarding tracking number WRSP-INF-00794, stating:

PAGE 2 OF 6

"Counselor H. Osborne has denied me access to the courts for failing to return to me my legal materials. In particular, on April 4, 2018, at 10:11 a.m., I gave Osborne legal documents that consist of a total of twenty seven pages of court orders and memorandum opinions from the U.S. District Court in Roanoke VA. Moreover, I seeked two copies of the aforementioned that I can attach to two separate federal habeas corpus petitions of mine that I advised her that I needed to process through out going mail on April 4, 2018. Therefore, I am unable to turn in my legal mail. SEE EXHIBIT L

3. WRSP has a policy that WRSP officials are pat frisk searched by a check point Officer before entering the compound.

4. On April 8, 2018, Powers submitted a Disciplinary Offense Report against Adams for "possession or use of a weapon" regarding case number WRSP-2018-0634, that stated:

"I Officer Powers along with Officers T. Leedy and J. Hensley were conducting

PAGE 3 OF 6

a random cell search of C-310 which housed offender D. Adams #1025606. When I looked under the bunk I noticed an object in the back corner that was taped to the bottom. Removal of the object revealed a piece of plastic sharpen to the point with cloth wrapped around the bottom for a handle offender is charge per O.P. 861.1. SEE EXHIBIT M

5. On April 9, 2018, the WRSP business office clerk deducted from Adams prison's account as a loan in the total amount of $6.24 to pay for the legal copies SEE EXHIBIT ? that he gave to Osborne on April 4, 2018, SEE EXHIBIT L, regarding receipt # WRSP20180409DPMLW06.

6. On April 24, 2018, Osborne responded to Adams April 5, 2018, complaint against her regarding tracking number WRSP-2018-00794, indicating:

"Your copies were made and returned via institutional mail after you were moved to D-Building. SEE EXHIBIT M

PAGE 4 OF 6



7. On April 30, 2018, D-Building counselor H. Moser returned to Adams his legal materials that Osborne had processed through the business office on April 9, 2018.

RELIEF SOUGHT:

1. Declare that Osborne, Powers, Leedy, and Hensley violated Adams First Amendment right of the United States Constitution.

2. Declare that Osborne and Powers violated Adams Eighth Amendment right of the United States Constitution.

3. Award Adams punitive damages against Osborne, Powers, Leedy and Hensley for the violation of his First Amendment right.

4. Award Adams compensatory damages against Osborne, Powers, Leedy, and Hensley for the violations of his First and Eighth Amendments rights

PAGE 5 OF 6

5. Award Adams cost of this civil litigation.

ADMINISTRATIVE REMEDIES WERE UNAVAILABLE

1. On April 8, 2018, Leedy and Hensley were witnesses of a false Disciplinary Offense Report that Powers submitted against Adams for "possession or use of a weapon" regarding case number WRSP-2018-0634. SEE EXHIBIT M.

2. On April 25, 2018, WRSP Disciplinary Hearings Officer W.R. Hensley found Adams guilty of the "possession or use of a weapon" charge and fined him $15.00 regarding case number WRSP-2018-0634, that Powers submitted against Adams and Leedy and Hensley were his witnesses to the same from April 8, 2018. SEE EXHIBIT M.

3. Adams spent several of months in disciplinary segregation for the "possession or use of a weapon" charge after being found guilty.

PAGE 6 OF 6

Dominique Herman Adams #1025606 D-407
Wallens Ridge State Prison
P.O. Box 759
Big Stone Gap, VA 24219

Clerks
United
210 F
Roand

"Legal Mail"

Virginia Dept. of Corrections
Has Neither Censored or Inspected
Item. Therefore the Dept Does Not Assume
Any Responsibiliy For It"s Contents



U.S. POSTAGE ≫ PITNEY BOWES

ZIP 24219   $ 004.85⁰
02 4W
0000369381 JUL. 01. 2021

s Office

d States District Court

Franklin Road, SW, Suite 540

oke, VA 24011-2208