**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **DOMINIQUE HERMAN ADAMS,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:21cv392** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **PAUL MOORE, et al.,** | ) | **By:  Robert S. Ballou** |
| **Defendants.** | ) | **United States District Judge** |

In this prisoner civil rights action pursuant to 42 U.S.C. § 1983, the *pro se* prisoner plaintiff has attempted to join in one case several unrelated legal claims, concerning separate and unrelated events and defendants.  Defendants Broyles, Hensley, Leedy, Moore, Osborne, and Stallard have filed a motion to dismiss for failure to state a claim, or alternatively, to sever the claims.  (ECF No. 24.)  Plaintiff responded to the motion and the defendants replied.  Plaintiff then filed a sur-reply, which the defendants have moved to strike in ECF No. 39.  Plaintiff has also filed a motion to amend his complaint. (ECF No. 40).

1. Motion to Sever

Adams raises three claims in his complaint.  The first alleges callous indifference to his medical/dental needs by Dr. Moore.  The second claim alleges failure to provide adequate nutritious food, naming Stallard, Broyles, and others as defendants; and the third claim alleges wrongful confiscation of plaintiff's legal materials by Osborne, Powers, Leedy, and Hensley. The misjoinder of unrelated legal claims against different defendants is inconsistent with the Federal Rules of Civil Procedure  (*see* FED. R. CIV. P. 18, 20) and with the filing fee requirements of the Prison Litigation Reform Act (PRLA).  Rule 18(a) only allows a plaintiff to join as many claims as he has against one opposing party.  Rule 20 allows the joinder of several defendants *only* if the claims arose out of the same transaction or occurrence *and* contain a question of fact

or law common to all defendants.  Because each of Adams' three claims involve different transactions and different defendants, joinder in a single lawsuit is improper.

Further, allowing Adams to pay one filing fee, yet join disparate legal claims against multiple parties, involving different events, facts, and legal issues, flies in the face of the letter and spirit of the PLRA.  PLRA restrictions on prisoner-filed civil actions include: Requiring full payment of the filing fee for any civil action or appeal submitted by a prisoner—through prepayment or through partial payments withheld from the inmate's trust account; authorization of court review and summary disposition of any claim or action that is frivolous or malicious, fails to state a valid claim upon which relief can be granted or seeks relief against persons immune from such relief; and a "three strike" provision, which prevents a prisoner from proceeding without prepayment of the full filing fee if the prisoner's litigation in federal court includes three or more cases dismissed as frivolous, malicious, or failing to state a claim for relief which can be granted.  28 U.S.C. §§ 1915(b), (e), and (g), and 1915A.  "Congress enacted PLRA with the principal purpose of deterring frivolous prisoner litigation by instituting economic costs for prisoners wishing to file civil claims." *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997).  Requiring compliance with the joinder rules "prevents prisoners from dodging the fee obligation and 3-strikes provision of the PLRA." *Green v. Denning*, 2009 WL 484457, at *2 (D. Kan. Feb. 26, 2009).

Where there is misjoinder of parties, FED. R. CIV. P. 21 authorizes the court to sever claims at any stage of the litigation.  The misjoinder here is clearly apparent.  The  court will grant the defendants' motion to sever (ECF No. 24) and will sever the complaint into three separate civil actions:  The first claim of the current complaint, against Dr. Moore, will remain the current action. The second claim in the current complaint will constitute a separate action,

against Stallard, Broyles, and any other participants whose names are known, with its own filing

fee, and the last claim in the current complaint, against Osborne, Powers, Leedy, and Hensley,

will constitute a third action, with its own filing fee.  The court will provide Adams with the new

case numbers for the two new cases as soon as they have been assigned, and he will be required

to consent to paying the filing fee through installment payments from his inmate trust account,

for each case, as he has done in the present case.

This opinion does not address the possible merit of any of Adams's claims, but it does

not deprive him of his right to litigate those claims.  He simply may not litigate his unrelated

claims against different defendants in a single lawsuit, thereby avoiding the filing fee required

for each lawsuit, as he has done in this case.  A further complication is added by the Order of the

Fourth Circuit Court of Appeals, which has assessed a sanction of $500.00 on Adams for

repeated filing of frivolous motions under 28 U.S.C. § 2244, and enjoined Adams from filing any

civil litigation in any district court within the Fourth Circuit until the $500 sanction has been paid

in full.  *In re Adams*, No. 23-244 (4th Cir. filed Aug. 2, 2023).  Failure to pay that sanction will

jeopardize Adams's ability to move forward with the two additional lawsuits at this time.

2.  Motion to Strike Sur-Reply

Local Rule 11(c)(1) of the civil rules provides that all motions (with some exceptions)

must be accompanied by a written brief.  The opposing party must file a responsive brief within

14 days after service of the motion and brief.  The moving party may file a reply or rebuttal brief

seven days after service of the responsive brief.  "No further briefs (including letter briefs) are to

be submitted without first obtaining leave of court." *Id.*  Adams did not seek leave to file another

brief in response to defendants' reply brief.  Accordingly, I will grant ECF No. 39, the

defendants' motion to strike Adams' second response (ECF No. 37) to the motion to dismiss or sever.

3. Motion to Amend

Adams's motion to amend/correct his complaint (ECF No. 40) will be denied at this time, without prejudice, because it is unclear to which of the claims his new allegations are related. Once each case has been separately opened, Adams may move to amend any of the complaints, so long as he does not misjoin different causes of action in a single case.

An appropriate order will be entered this day.

Enter:  August 11, 2023

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge